UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LUIS HUMBERTO MENDEZ,                              :

                                                                          08 Cr. 283 (RJH)
                              Petitioner,               :         09 Civ. 5761 (RJH) (GWG)

       -v.-                                                 :         REPORT AND
                                                                          RECOMMENDATION

UNITED STATES OF AMERICA,                        :

                              Respondent.             :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       On November 20, 2008, Luis Humberto Mendez pled guilty to one count of conspiracy to

distribute and possession with intent to distribute narcotics in violation of 21 U.S.C. §§ 812,

841(a)(1), 841(b)(1)(A), and 846.  He was sentenced to a prison term of 120 months.  Mendez,

who is currently in prison serving his sentence, has petitioned this Court, pro se, under 28 U.S.C.

§ 2255 to vacate, set aside, or correct his sentence.  For the reasons below, the petition should be

denied.

I.       BACKGROUND

       A.       Arrest, Plea, and Sentencing

       Mendez was indicted for conspiracy to distribute more than five kilograms of cocaine.

See Letter from Christian R. Everdell to Michael Hurwitz, dated Nov. 18, 2008 (annexed as Ex.

A to Government's Memorandum in Opposition to Petitioner's Motion to Vacate his Conviction

Pursuant to 28 U.S.C. § 2255, filed Nov. 3, 2009 (Docket # 16) ("Resp. Opp.")) ("Plea

Agreement"), at 1.[1]  Mendez entered into a plea agreement under which he and the Government

stipulated that the appropriate sentencing range under the Federal Sentencing Guidelines was 87

_____

       [1] Except where otherwise indicated, all docket entries refer to 08 Cr. 283.

to 108 months.  Id. at 3.  However, the parties also agreed that the charge carried a mandatory minimum of 120 months' imprisonment, and that neither an upward nor a downward departure from the guidelines was warranted.  Id.  Accordingly, the parties agreed that the "Stipulated Guideline Range" was 120 months.  Id. at 3.  The plea agreement is silent on whether Mendez could move at sentencing for a decrease in his offense level pursuant to the "safety valve" provisions of the Guidelines, U.S.S.G. §§ 2D1.1(b)(11), 5C1.2, and under 18 U.S.C. § 3553(f).[2]

The agreement provided "that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range Set forth above [120 months]."  Plea Agreement at 4. The plea agreement stated that "[t]his provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein."  Id.

On November 20, 2008, Mendez appeared before Judge Richard J. Holwell to enter a

---

[2] "Safety-valve" credit will relieve a defendant of certain applicable mandatory minimum sentences in the guideline calculation as long as the defendant meets the five statutory requirements:

(1) the defendant does not have more than 1 criminal history point . . .; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, . . .; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f); accord United States v. Jimenez, 451 F.3d 97, 98 (2d Cir. 2006).

2

guilty plea.  See Transcript of Plea Hearing Conducted November 20, 2008, filed Jan. 9, 2009 (Docket # 9) ("P."), at 2.  Michael Hurwitz represented Mendez at this appearance.  (P. 1). During the allocution, Mendez stated under oath that he understood the charges against him, that he was satisfied with Hurwitz's representation, and that he wished to enter a plea of guilty. (P. 2-4, 8, 16-17).  He also stated that he understood the potential maximum sentence, the mandatory minimum penalty of 10 years' imprisonment, and his right to plead not guilty and go to trial.  (P. 6, 8-9).  The court then explained that a sentence would be imposed based on the sentencing judge's discretion, taking into account the Sentencing Guidelines.  (P. 15).  The court asked Mendez if he understood that if his sentence was no longer than 120 months, he was "giving up [his] right to appeal or otherwise challenge [his] sentence."  Id.  Mendez responded that he did so understand.  Id.  He also stated that he was willingly giving up his rights, and that he had not been pressured by anyone to do so.  (P. 13-14).

Following his plea, Mendez met with the Government for a "safety valve proffer." See Affirmation in Support of Government's Memorandum in Opposition to Petitioner's Motion to Vacate his Conviction Pursuant to 28 U.S.C. § 2255, dated Nov. 3, 2009 (annexed as Ex. C to Resp. Opp.) ("Resp. Aff.") ¶ 2.  Mendez was represented by Hurwitz at the proffer and had the assistance of a Spanish interpreter.  Id. ¶ 2(b).

Prior to the start of the proffer session, id. ¶ 2(c), the Government gave Mendez a safety valve proffer agreement which stated that "the Government may offer at any stage of the criminal proceeding for any purpose any statement made by [Mendez] during the [safety valve proffer]," and that Mendez's signature was an acknowledgment of the waiver of his rights to suppress such statements.  Letter from Christian R. Everdell to Michael Hurwitz, dated Feb. 24,

2009 (annexed as Ex. D to Resp. Opp.), at 1-2.  The safety valve agreement concluded by stating that Hurwitz's signature constituted "an acknowledgment of having explained" the terms of the agreement to his client, and Mendez's signature constituted his "acknowledgment and understanding" of the agreement.  Id. at 2.  Mendez, Hurwitz, and the Spanish interpreter signed the agreement.  Id.

        During the course of the proffer session, Mendez provided evidence that the Government found not credible in light of its investigation and statements obtained from a cooperating witness.  Resp. Aff. ¶ 2(f).  The Government told Mendez that it would terminate the proffer session unless Mendez was "prepared to be truthful."  Id.  Mendez spoke privately with his attorney, who then informed the Government that Mendez did not wish to proceed with the proffer.  Id. ¶ 2(g).  However, during the session, Mendez did admit that he had received more kilograms of cocaine than the Government had previously believed were involved in the conspiracy.  Id. ¶ 2(h).  The Government informed Hurwitz that it would "ultimately hold [Mendez] responsible for between 15 and 50 kilograms of cocaine, which would increase his base offense level" under the Sentencing Guidelines, id., to a range of 120 to 135 months' imprisonment, see Presentence Investigation Report, dated Apr. 24, 2009 (annexed as Ex. F. to Resp. Opp.) ¶ 58.  The Government sought such a sentence from the Court.  See Letter from Christian R. Everdell to the Hon. Richard J. Holwell, dated Apr. 28, 2009 (annexed as Ex. H to Resp. Opp.), at 2.

        On May 1, 2009, Judge Holwell sentenced Mendez to a prison term of 120 months. See Transcript of Sentencing Proceedings, filed June 16, 2009 (Docket # 13), at 8.  No appeal was filed from the judgment of conviction.

B.      The Instant Petition

Mendez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255 was received by the Pro Se Office of this Court on June 3, 2009.  See Petition Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed

June 24, 2009 (Docket # 1 in 09 Civ. 5761) ("Pet.").  In the petition, Mendez argues that he

received ineffective assistance of counsel because his attorney did not argue that he was entitled

to a safety valve credit "in court" and refused to make that argument even after Mendez insisted

that he do so.  Id. ¶ 12(A).

II.     LAW GOVERNING REVIEW OF SECTION 2255 PETITIONS

Section 2255(a) of Title 28 of the United States Code provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

Relief under this statute is available "only for a constitutional error, a lack of jurisdiction

in the sentencing court, or an error of law or fact that constitutes a fundamental defect which

inherently results in [a] complete miscarriage of justice."  Graziano v. United States, 83 F.3d

587, 590 (2d Cir. 1996) (citation and internal quotation marks omitted).

III.    DISCUSSION

Mendez faces a threshold problem with presenting his section 2255 petition to the Court.

As part of his written plea agreement and oral plea allocution, Mendez expressly waived his right

to file any section 2255 petition with respect to any sentence at or below 120 months.  Plea

5

Agreement at 4; (P. 15).  It is undisputed that he in fact received a sentence of 120 months.

Thus, on its face, the plea agreement bars this habeas petition.

Case law makes clear that a waiver of the right to bring a petition under section 2255 is enforceable as long as the petitioner's waiver is knowing and voluntary.  See, e.g., Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002), cert. denied, 537 U.S. 1146 (2003); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001) (per curiam); Rosa v. United States, 170 F. Supp. 2d 388, 397 (S.D.N.Y. 2001).  This principle is a corollary of the well-settled principle that a knowing and voluntary waiver of the right to appeal is enforceable.  See, e.g., United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam); United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999) (per curiam); United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) (per curiam); United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.), cert. denied, 509 U.S. 931 (1993).  Here, there is no reason to question that Mendez's waiver was knowing and voluntary as the allocution made plain that Mendez fully understood the agreement he was entering into.  (See P. 4, 6-7, 13-15).  A federal habeas court is entitled to rely on such statements made during an allocution even in the face of a later, contrary claim that the plea was not knowing or voluntary.  See, e.g., Garcia-Santos, 273 F.3d at 508; Hernandez, 242 F.3d at 112-13 (citing cases).  In any event, Mendez does not even argue that his waiver was not knowing or voluntary.  Accordingly, the waiver must be given effect.

Nonetheless, there is an exception to the bar imposed by a defendant's waiver of the right to bring a section 2255 petition.  Such a waiver is not enforceable where there is "an attack on the validity of the process by which the waiver has been procured, here, the plea agreement."

Frederick, 308 F.3d at 195-96 (citations omitted); cf. Monzon, 359 F.3d at 118-19 (same with respect to waiver of right to appeal).

This exception is of no relevance to Mendez's case, however, as he makes no claim that the decision – that is, the process – to enter into the plea agreement, with its waiver of the right to bring a collateral attack, was the result of ineffective assistance of counsel.  Mendez's only claim, unsupported by any factual explanation, is that his counsel improperly failed to raise the issue of a safety valve credit "in court" after the agreement had been entered into.  Pet. ¶ 12(A).  In other words, Mendez is asserting that his counsel should have argued at sentencing that Mendez had fulfilled the criteria to receive safety valve credit.

As has been made plain in cases construing waivers of the right to appeal, a waiver of review contained in a plea agreement bars even a claim that the defendant received ineffective assistance of counsel with respect to the sentence imposed.  See, e.g., Djelevic, 161 F.3d at 107 ("If we were to allow a claim of ineffective assistance at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless.  This we decline to do.").  Thus, any claim by Mendez that his attorney failed to argue his safety valve eligibility at sentencing will not serve to overcome the waiver of his right to challenge his sentence.  For example, in Castellanos v. United States, 2008 WL 4548916 (S.D.N.Y. Oct. 8, 2008), the court considered an ineffective assistance challenge based on the defendant's attorney's failure to make a safety valve argument at sentencing.  The court held that the defendant's waiver of section 2255 rights barred his habeas corpus petition because the defendant "only challenges his counsel's conduct at sentencing, not the process by which the Plea Agreement was reached."  Id. at *5; accord Reyes v. United States, 2005 WL 2254563, at

7

*4 (S.D.N.Y. Sept. 16, 2005) (waiver barred petitioner's ineffective assistance of counsel claim based on counsel's failure to argue for safety valve application at sentencing); see also Robles v. United States, 2009 WL 2634766, at *3 (S.D.N.Y. Aug. 26, 2009) (petitioner's claim that counsel failed to argue for a "minor role adjustment" at sentencing not actionable because "waiver clause [in plea agreement] must bar ineffective assistance of counsel claims where such claims are based upon advice provided by counsel after a Defendant's plea"); Rosa, 170 F. Supp. 2d at 406 ("Having concluded that the plea was made knowingly, voluntarily and with the effective assistance of counsel . . . . the Plea Agreement bars all of Rosa's claims that relate to his sentencing.").

In sum, the waiver of Mendez's right to challenge his sentence through a habeas corpus petition must be given effect.

## IV.    CONCLUSION

For the foregoing reasons, Mendez's petition to vacate, set aside, or correct his sentence should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard J. Holwell, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Holwell.  If a party fails to file timely objections, that party will not be

permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v.

Arn, 474 U.S. 140 (1985).

Dated: March 10, 2010
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Luis Humberto Mendez
70451-054
California City Correctional Center
PO Box 3001-0001
California City, CA 93504

Christian R. Everdell
Assistant United States Attorney
1 St. Andrews Plaza
New York, NY 10007

permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v.

Arn, 474 U.S. 140 (1985).

Dated: March 10, 2010
           New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Luis Humberto Mendez
70451-054
California City Correctional Center
PO Box 3001-0001
California City, CA 93504

Christian R. Everdell
Assistant United States Attorney
1 St. Andrews Plaza
New York, NY 10007